## MAXWELL v. MEYERS.

1. Where at the time a quo warranto proceeding was instituted the relator was the lawful incumbent of the office of State fertilizer inspector, and the respondent, though he had been appointed by the commissioner of agriculture and his commission had been issued, was not entitled to the office, yet where .pending the proceeding the commissioner (treating as void a former order removing the relator) proceeded regularly, upon notice and after a hearing, to remove the relator and so ordered; and afterward duly appointed the respondent to the office thus made vacant, the respondent could set up the validity of his appointment as a defense in the quo warranto proceeding.

(a) Even if certain evidence the admission of which is excepted to was not admissible under the application of the strict rule, its admission is not a ground for setting aside the final judgment which, under all the facts of the case, was clearly right and proper.

2. While the charge of incompetency, made in the citation by the commissioner of agriculture to the relator was not sufficiently specific as to the nature of the incompetency, nevertheless, as the relator failed to appear and urge an objection to the charge for indefiniteness, the fact that the commissioner proceeded to a hearing and a judgment under the citation as it stood was no ground, at the hearing of the quo warranto proceeding, for holding void the action of the commissioner.

3. The relator should not have been taxed with any part of the costs in the case; and direction is given accordingly.

No. 496.    APRIL 12, 1918.

Quo warranto.    Before Judge Hodges.    Elbert superior court. July 2, 1917.

On March 7, 1917, George T. Maxwell instituted a quo warranto proceeding to have R. L. Meyers ousted from the office of fertilizer inspector of the State for the long term.    An order was passed granting leave to file the information, and requiring the respondent to show cause why the prayer of the relator should not be granted. The petition set up that the relator had been appointed as one of the six long-term fertilizer inspectors, and was duly commissioned on September 27, 1916, by James D. Price, then commissioner of agriculture.    Price having resigned, J. J. Brown was appointed to succeed him as commissioner on February 15, 1917. On February 17, 1917, Brown informed the relator that his services as inspector would not be needed after March 1, 1917.    On February 16, 1917, Brown issued a commission to Meyers for the office held by the relator; and at the time of the filing of the petition Meyers was performing the duties of the office.    The relator alleged, that he was competent to perform the duties of the office,

that he had performed them and had not neglected them, that he had not committed any malfeasance in office, and that his commission was valid and did not expire until September 27, 1918. The respondent answered, on March 16, 1917, that he held a commission as inspector of fertilizers for the State, issued by the present commissioner of agriculture; that he was operating under that commission and performing the duties of inspector; that he was not the successor of the relator, but the relator had been suspended from the office of inspector for alleged incompetency; and that the interests of the public demand that fertilizers be inspected by a competent inspector.

On June 5, 1917, both parties to the quo warranto proceeding through their attorneys entered into an agreement reciting "that the identical office now held by" the respondent "is the same office held by" the relator, "from which he was dismissed on February 17, 1917, the dismissal to become effective March 1, 1917." When the case came on for hearing, June 23, 1917, the agreement just quoted was "filed by the relator as a part of the pleadings;" and he moved that judgment be entered in his favor against the respondent, adjudging that the respondent be ousted, and that the relator was entitled to the office and the compensation thereof. The judge refused this, and allowed the respondent, over objection, to amend his answer by alleging that the relator had been lawfully dismissed by Brown, commissioner of agriculture, from the office of inspector of fertilizers for the long term, on April 23, 1917; and that the respondent had been lawfully appointed and commissioned as such inspector. The relator then renewed his motion that the judge enter judgment in his favor, upon the petition and answer as amended. This motion was overruled on July 2, 1917; and the relator excepted to each of the rulings just stated. He assigned error also upon a ruling in reference to the admission of evidence, on the final judgment that the respondent was entitled to the office, and on the order as to the costs in the case.

*Boozer Payne* and *George C. Grogan,* for plaintiff.

*Thomas J. Brown* and *H. H. Dean,* for defendant.

BECK, P. J. (After stating the foregoing facts.)

1. We are of the opinion that the court did not err in adjudging that the respondent, Mevers, was entitled to the office in question by virtue of his commission dated April 30, 1917. The com-

missioner of agriculture, having concluded, after the institution of the quo warranto proceeding, that his first order of dismissal of the incumbent, Maxwell, was invalid, elected to treat it as void; and thereupon, in a written communication to Maxwell, dated March 1, 1917, the commissioner called on him "to show cause why [he] should not be discharged from the office of long-term inspector of fertilizers," and cited him to appear at the commissioner's office on March 15, 1917. This hearing was continued from March 15 to March 21, at the request of Maxwell's attorneys; and it was continued from March 21 until March 28, apparently at the request of Maxwell; and whether Maxwell or his attorneys had notice, on March 28, that the case was set down for a hearing on April 23, does not distinctly appear, except from certain affidavits which were filed at the hearing of the quo warranto proceeding, and to which we shall refer directly. We will observe, first, that when the case was continued at the request of Maxwell until March 28, he could very easily have ascertained to what date the hearing was continued. The fact that there was then pending in the superior court a petition for a writ of prohibition against the commissioner of agriculture to prevent him from hearing the case was no reason why the relator should not, in the exercise of due diligence, have ascertained to what date the hearing was continued. There was no reason at that time to believe that there would be delay in disposing of the matter before the commissioner as soon as the petition for a writ of prohibition had been disposed of. Besides this, it distinctly appears from the affidavits of J. J. Brown and R. L. Meyers that one of the attorneys for the respondent stated to the attorneys for the relator, in the presence of the relator, that if they desired the case pending before the commissioner of agriculture continued until another date, he would do so; otherwise the case would be tried on the afternoon of April 23, the day on which it was disposed of. These affidavits were objected to, but it appears from the recital in the bill of exceptions that a consent was entered in reference to their use as evidence. The consent is in terms somewhat ambiguous, being in this language: "counsel for plaintiff agreeing that if the court held that these affidavits would be competent evidence for a jury to consider, that they are willing for the court to pass upon this evidence." This agreement was made, it is inferable from the part

of the bill of exceptions immediately preceding, when counsel for relator were urging upon the court that there was no issue of fact to be tried, but merely a question of law, under the agreement made on June 5, which had been filed; and the court evidently construed the agreement to mean that if the substance of the affidavits was material and competent as bearing upon a question of fact in the case, then it might be admitted as evidence. The agreement, considered in connection with the recital preceding it, is susceptible of this construction; and we do not think that the judgment should be reversed merely because another construction could very well be put upon the agreement. Moreover, we do not think that the final judgment should be reversed as to the merits of the case, even if it were error to admit the affidavits in evidence; for beyond question the commissioner of agriculture had, after a hearing, dismissed the relator from the office in controversy, and, after having dismissed him, had appointed the respondent. It is true that at the time the quo warranto proceeding was instituted there had been no valid order passed dismissing Maxwell. But this is a proceeding to determine who is the rightful incumbent of an office. And having ascertained, by examination of the facts in the record, that the respondent (although he was not the duly appointed incumbent at the time the proceeding was instituted against him, inasmuch as his predecessor had not been dismissed so as to create a vacancy in the office) had in the meantime, after a vacancy had been caused by the removal of his predecessor, been appointed to fill the vacancy, we find that the judgment refusing to remove the respondent, and holding that he was the rightful incumbent of the office, the date of his appointment and commission being subsequent to the removal of his predecessor, was right.

2. The notice from the commissioner of agriculture, contained in the communication of March 1, 1917, that the matter of the discharge of the relator would be taken up at the office of the commissioner in the capitol, and that the relator might on that date make any showing or introduce any evidence or have any hearing that he might desire, "to show cause why he should not be discharged from the office of long-term fertilizer inspector for incompetency," was open to the criticism that the charge of incompetency was not sufficiently specific; and this objection to the notice was made in a letter from the relator to the commis-

sioner of agriculture, dated March 6, 1917, and it is referred to by counsel for the plaintiff in the record as a demurrer to the notice. Treating it as a demurrer, the relator should have followed it up and urged it at the hearing; but he failed to appear, as hereinbefore pointed out, and the commissioner of agriculture proceeded to hear and dispose of the case, after evidence was submitted, in the absence of the relator. We do not think that the action and finding of the commissioner should be declared void and set aside for want of definiteness in the specification of the charge against the relator. If the relator had appeared and insisted upon his challenge of the sufficiency of the charge against him, we assume that the commissioner would have made the charge more specific and would have given the relator an opportunity to produce evidence to meet the charge as framed. But the relator certainly could not remain away from the place of hearing before the commissioner, and then insist, at the hearing of the quo warranto proceeding, upon treating the judgment of the commissioner as void because of a want of sufficiency in what may be termed the citation. Such notices as that given by the commissioner are not expected to be as full, complete, and perfect as formal pleadings, and certainly defects which should have been pointed out and insisted upon at the hearing will not be held ground for setting aside the judgment and order finally passed in the proceeding.

3. But we are further of the opinion that inasmuch as the relator had good ground for the institution of his action at the time it was commenced, and at the time the first answer of the respondent was filed, the relator should not be taxed with the costs of these proceedings or with any part thereof. Inasmuch as he would have prevailed under the case as it stood when the action was instituted, we think he should be relieved of the cost and the other party be taxed with it; and direction is given that the judgment be modified to the extent of relieving the relator of the costs and taxing the other party with them.

*Judgment affirmed, with direction. All the Justices concur, except Fish, C. J., absent.*